USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INSURENT AGENCY CORPORATION,

                         Plaintiffs,

          -against-

THE HANOVER INSURANCE GROUP, INC., et al.,

                         Defendants.
------------------------------------------------------------X

16 Civ. 3076 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      Insurent Agency Corporation ("Insurent") and RS Holdings Corporation (collectively, "Plaintiffs"), brought an action against The Hanover Insurance Company ("Hanover"), Guarantr LLC d/b/a The Guarantors Agency ("Guarantors") and Ronald MacDonald (collectively, "Defendants") alleging, *inter alia*, violations of the Copyright Act, the Lanham Act and the Defend Trade Secrets Act. The Court dismissed all claims against Hanover. Hanover moved for attorneys' fees and costs as authorized by the Copyright Act, the Lanham Act, the Defend Trade Secrets Act and the Court's inherent power. In a Report and Recommendation, filed January 8, 2020 (the "Report"), Magistrate Judge James Cott recommended that Hanover's motion be denied. Hanover timely objected. For the following reasons, the objection is overruled and the Report is adopted.

## I.    BACKGROUND

      Familiarity with the Report, the underlying facts and procedural history is assumed. *See Insurent Agency Corp. v. Hanover Ins. Co.*, No. 16 Civ. 3076, 2018 WL 3979589 (S.D.N.Y. Aug. 20, 2018).

      Insurent launched a residential lease guaranty business in 2008. It was the first and only business of its kind until 2016 when Guarantors entered the market. Hanover became

Guarantors' insurance carrier. On April 26, 2016, Insurent and its parent company, RS Holdings Corporation, initiated this suit alleging Defendants were using exact copies of Plaintiffs' copyrighted legal agreements in their business, including titles, various policies, and Tenant Participation Agreements. The parties subsequently stipulated that Defendants would cease to use the subject agreements during the pendency of the action.

On June 17, 2016, after Ronald MacDonald -- an employee, officer, director and managing director of Insurent since 2005 -- resigned in March 2016 and began consulting for Guarantors, Plaintiffs amended the complaint to add nine causes of action against Defendants: trade secret misappropriation under New York law (Count 2); misappropriation under the Defend Trade Secrets Act (Count 3); unfair competition under New York law (Count 4); breach of fiduciary duty under New York law (Count 5); interference with prospective business advantage (Count 6); unfair competition under § 43(a) of the Lanham Act (Count 7); false advertising under § 350 of New York General Business Law (Count 8); breach of contract (Count 9); and inducement of breach of contract (Count 10). On September 16, 2016, Plaintiffs filed a second amended complaint, and Hanover moved to dismiss counts 2 through 8 and 10 for failure to state a claim.

The Court granted Hanover's motion to dismiss in part, and dismissed counts five, six, seven and ten. On January 24, 2018, all Defendants moved for summary judgment. The Court granted the motion as to all remaining claims against Hanover, dismissing the claims of copyright infringement (Count 1), trade secret misappropriation under New York law (Count 2), misappropriation under the Defend Trade Secrets Act (Count 3), and unfair competition under New York law (Count 4) as to Hanover; interference with prospective business advantage (Count 6) and unfair competition the Lanham Act (Count 7) as to MacDonald; and false advertising

2

under § 350 of New York General Business Law (Count 8) as to Hanover and MacDonald. The remaining claims against the other Defendants subsequently settled.

Hanover filed a motion on July 19, 2019, seeking attorneys' fees pursuant to Section 505 of the Copyright Act, Section 1117(a) of the Lanham Act, Section 1836(b)((3)(D) of the Defend Trade Secrets Act and the Court's inherent power. Judge Cott recommended denying the motion in its entirety. Hanover filed timely objections to the Report with respect to the recommendations under Section 505 of the Copyright Act and Section 1836(b)((3)(D) of the Defend Trade Secrets Act.

## II.   STANDARD OF REVIEW

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). Even when exercising de novo review, "[t]he district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order); *accord Rodriguez v. Berryhill*, No. 18 Civ. 0918, 2019 WL 5158721, at *4 (S.D.N.Y. Oct. 15, 2019).

Where no specific written objection is made, "the district court can adopt the report without making a *de novo* determination." *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no 'specific written objection' is made, as long as the factual and legal bases supporting

the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (finding that neither 28 U.S.C. § 636(b)(1)(C), nor the legislative history, indicates that "Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")

## III. DISCUSSION

Hanover makes two objections to the Report: (1) with respect to Plaintiffs' copyright claim, the Report erred in finding that Plaintiffs' copyright claim presented a novel question of law; and (2) with respect to Plaintiffs' trade secret misappropriation claim, the Report erred in concluding that the fact that Plaintiffs' claim may have had merit as to other Defendants justified Plaintiffs' claim against Hanover. As neither argument is persuasive, Hanover's objections are overruled.

### A. Attorneys' Fees under the Copyright Act

"In any civil action under [the Copyright Act], the court in its discretion may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Nonexclusive factors to consider in determining whether to award attorneys' fees under the Copyright Act include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 n.19 (1994); *accord Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, No. 18-2022, ---Fed. App'x. ---, 2020 WL 555421, at *2 (2d Cir. Feb. 4, 2020) (summary order).

Hanover argues that the Report overlooks fundamental precepts of copyright law in finding that Plaintiffs' claim of copyright infringement was not objectively unreasonable because this Court's summary judgment decision and the sources relied on in the Report all recognize

4

that copyright ownership must be transferred by the author in writing.  Therefore, Hanover argues, Plaintiffs' claim -- that it owned the copyright to its legal documents (i.e. agreements, policies, titles) drafted by its attorneys -- was objectively unreasonable.

But, as the Report explains in response to this same argument in Hanover's initial motion, there was no existing case law squarely addressing the issue of whether the client of an attorney has an ownership interest in the work product prepared for it at the time Plaintiffs brought this claim, and past literature in this area has observed that the copying of "another's transactional and litigation documents without identifying the source . . . is currently a gray area in legal scholarship . . . ."  Carol M. Bast and Linda B. Samuels, *Plagiarism and Legal Scholarship in the Age of Information Sharing: The Need for Intellectual Honesty*, 57 CATH. U. L. REV. 777, 806 (2008).  Hanover cites to no legal authority to the contrary.  "A party's good faith decision to litigate complex or undecided issues of law is not objectively unreasonable."  *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931, 2015 WL 13684546, at *3 (S.D.N.Y. Apr. 3, 2015); *accord Owerko v. Soul Temple Entm't, LLC*, No. 13 Civ. 6420, 2016 WL 80664, at *3 (S.D.N.Y. Jan. 7, 2016).

And nothing in the record contradicts or discredits the sworn statements of Plaintiffs' Vice-Chairman and Chief Operating Officer, Jeffrey Geller, and Plaintiffs' counsel of record in this case, both of whom attest that the copyright claim was brought in good faith.  Although Plaintiffs did not dispute that their attorneys drafted the at-issue documents at summary judgment, these Affidavits are evidence that Plaintiffs reasonably believed when they brought this claim that Mr. Geller's contribution to the drafting process[1] gave them a valid claim to the

---

[1] Per Mr. Geller's declaration, Mr. Geller "worked together with the attorneys" and he was the one who "suggested the format for each of the provisions that [he] thought needed to be included

copyrights.  Hanover's assertion that Mr. Geller's affidavit is "an eleventh hour change of position" does not prevent the Court from considering the Affidavits for the purpose of determining whether to award attorneys' fees under Section 505.  *See Ariel(UK) Ltd. v. Reuters Grp. PLC*, No. 05 Civ. 9646, 2007 WL 194683, at *3 n.2 (S.D.N.Y. Jan. 24, 2007) ("The Court notes that the Affidavits contain factual allegations that, with very few exceptions, were not included in Ariel's pleadings and thus are before the Court for the first time. . . . However, nothing prevents the Court from considering the Affidavits to the extent that they shed light on whether Ariel's copyright claims were objectively unreasonable when the action commenced, for the sole purpose of determining whether to award fees and costs under 17 U.S.C. § 505.")  This is particularly true where Mr. Geller's assertions are not inconsistent with his deposition testimony or this Court's finding that the documents were drafted by Plaintiffs' attorneys. Accordingly, Plaintiffs' claim was not so "clearly without merit or otherwise patently devoid of legal or factual basis" that it should "be deemed objectively unreasonable" and the Report's finding that Plaintiff's claim was not objectively unreasonable is adopted.  *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, No. 96 Civ.412, 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004).

      Hanover does not object to the Report's finding that the other factors appropriately considered in making awards of attorneys' fees under the Copyright Act weigh against granting the motion.[2]  As the reasoning is not clearly erroneous or contrary to law, the Report's finding as

---

in each of the agreement forms.

[2] To the extent that Hanover's conclusory assertions that Plaintiffs' copyright claim was "plainly a frivolous one" and that "Plaintiffs can only have been motivated by the possibility of a settlement with a party it presumed to have deep pockets," were intended to object to the Report's findings as to the other factors, they are insufficient to warrant a de novo review. "When a party makes only conclusory or general objections, . . . a court will review the report

6

to those factors is also adopted, *see Male Juvenile*, 121 F.3d at 38, and Hanover's motion for attorneys' fees under the Copyright Act is denied.

      **B.    Attorneys' Fees under the Defend Trade Secrets Act**

Under the Defend Trade Secrets Act, a court may "award reasonable attorney's fees to the prevailing party" "if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence." 18 U.S.C. § 1836. In the context of awarding attorneys' fees for bad faith under the Court's inherent power, [3] the Second Circuit has held that, "[i]n order to award bad faith fees, the district court must find that the losing party's claim was (1) meritless; and (2) brought for improper purposes such as harassment or delay. The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000) (citation and quotation mark omitted); *accord Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14 Civ. 5213, 2019 WL 4601741, at *3 (S.D.N.Y. Sept. 19, 2019). A meritless claim is "entirely without color." *Id.* at 190 n.2. "A claim is colorable, for the purpose of the bad faith exception, when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim. The question is whether a reasonable attorney could have concluded that facts supporting the claim *might be* established, not whether such facts actually *had been* established." *Kerin*, 218 F.3d at 190 n.2.

There is no basis to find Plaintiffs acted in bad faith in bringing a trade secrets

---

strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016); *accord TCA Television Corp. v. McCollum*, No. 15 Civ. 4325, 2018 WL 2932724, at *2 (S.D.N.Y. June 12, 2018).

[3] As a relatively new law, there is not yet case law analyzing bad faith under this provision of the Defend Trade Secrets Act.

misappropriation claim against Hanover. Hanover fails to show either that Plaintiffs' claim was meritless or that it was brought for improper purposes. Indeed, Hanover's argument that it was clear from early in the litigation that Plaintiffs had no good faith basis for their claim is based solely on the assertion that Hanover "undertook an exhaustive investigation of its own files to confirm that it neither possessed nor used any of Plaintiffs' trade secrets – and informed Plaintiffs of the same." But a plaintiff is not required to withdraw a claim against a defendant merely because the defendant asserts that it conducted an internal search and found no evidence of plaintiff's claims, particularly where the parties disputed whether the search was sufficiently complete. In determining whether a claim was meritless, "[t]he question is whether a reasonable attorney could have concluded that facts supporting the claim *might be* established." *Kerin*, 218 F.3d at 190 n.2. It was not unreasonable for Plaintiffs' attorneys to believe that facts supporting the claim might be established following discovery. And, as the Report observes, although Plaintiffs' claim failed as a matter of proof at summary judgment, nothing in the record demonstrates that it was wholly without merit.

Equally unavailing is Hanover's argument the Report conflated claims against the other defendants with the claim against Hanover, and that the Report's finding that the agency relationship between Hanover and the other defendants suggested misappropriation on the part of Hanover was made in error. Indeed, this Court denied Hanover's motion to dismiss this claim based on the allegations that Hanover now asserts were insufficient:

> So let me turn second to Count Three, the misappropriation of trade secrets claim under the Defense Trade Secrets Act. That claim survives. The DTSA provides a cause of action to "an owner of trade secrets that is misappropriated... if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. Section 1836(b)(1).
>
> I've already discussed that the complaint states a claim against Hanover based on the allegations that Guarantors were acting within the scope of its actual authority

8

> when it used plaintiffs' trade secrets to sell policies as an agent for Hanover. As such, Hanover's argument that the complaint fails to plead facts sufficient to allege Hanover's liability under respondeat superior does not warrant dismissal.

And Hanover's conclusory assertion, based on this argument, that "the only logical conclusion is that Plaintiffs brought their misappropriation claim against Hanover in a bad faith attempt to extract a more financially rewarding settlement" is insufficient to find the claim was "brought for improper purposes such as harassment or delay." *Kerin*, 218 F.3d at 190. Having found that there is insufficient evidence to find Plaintiffs' claim was either meritless or brought for improper purposes, this Court cannot award attorneys' fees under the Defend Trade Secrets Act.

### C. Attorneys' Fees under the Lanham Act and the Court's Inherent Power

Hanover does not object to the Report's recommendation to deny the motion for attorneys' fees pursuant to the Lanham Act and the Court's inherent power. "A district court evaluating a magistrate judge's report may adopt those portions of the report to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Shulman*, 392 F. Supp. 3d at 345; *accord Male Juvenile*, 121 F.3d at 38. As the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law, the recommendations are adopted and Hanover's motion for attorneys' fees pursuant to the Lanham Act and the Court's inherent power is denied.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Hanover's objections are overruled and the Report's recommendation to deny the motion for attorneys' fees is adopted.

9

The Clerk of Court is respectfully directed to close the motion at Docket Nos. 258.

Dated: March 6, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**